WILLIAM OFFUTT and Wife *v.* CONSTANCE COLLINS and others.

A memorandum at the bottom of an account rendered by plaintiff's tutor, in 1828, stated, that there was a note belonging to the estate of the minor, deposited in the office of the parish judge, which, when collected, would be accounted for. A further account was rendered in July, 1834, not including any part of the proceeds of the note, nor alluding to it, and the minor, who was emancipated by marriage, assisted by her husband, a few days after gave the tutor a receipt for the full amount coming to her, and a complete discharge. In February, 1844, plaintiff sued the heirs of the tutor, to recover her share of the proceeds of the note: *Held,* that the action was prescribed by art. 356 of the Civil Code.

APPEAL from the Court of Probates of St. Landry, *Garrigues,* J. *Martin,* for the appellants.

*T. H.,* and *W. B. Lewis,* for the defendants.

MORPHY, J. On the 10th of January, 1828, Moses Littell, acting as the tutor of Eliza M. Posey, one of the petitioners, and of two of her brothers, rendered to his said wards an account of the estate of their deceased mother, the widow of Lloyd Posey, showing the balance then due to them. To this account was attached a note or memorandum in the following words and figures, to wit: " There is a note due the estate by Theophilus Collins, dated 10th of March, 1823, for sixteen hundred dollars principal, and bearing interest at ten per cent, which note when collected will be accounted for ; said note being deposited with this proceeding in the office of the parish judge." On the 12th of July, 1834, Moses Littell rendered to his wards another account, in which, referring to the settlement of their mother's estate, he accounts to them for some money received from the estate of their grand mother. On the 21st of the same month Eliza M. Posey, assisted by Wm. Offutt, to whom she had been married a few months before, executed to her said tutor a receipt in which she acknowledges to have received from him $1,790 13½, being the full and entire amount of her share in the succession of her mother, and gives him a full and complete discharge. She now brings the present suit, and claims of the widow and heirs of Moses Littell her proportion of the note of $1,600, alleging that he died without having ever accounted to her for the same. The defendants denied their indebtedness, alleging that Moses Littell

had accounted for and paid to the petitioner all that he ever owed her, that he never received any part of the note sued for from Theophilus Collins, who was never, at any time from the beginning of 1823, up to the time of his death, able to pay the same, having been, during said period, utterly and entirely insolvent. They further pleaded the prescription of four years. There was a judgment below in favor of the defendants, and the plaintiffs appealed.

Being of opinion that the plea of prescription, upon which the defendants rely, must prevail, we have found it unnecessary to examine any other question in the case.   The record shows that the petitioner Eliza M. Posey, became of age in September, 1836, and that this action was instituted only on the 19th of February, 1844, thus bringing this case within the provision of article 356, which provides that " the action of the minor against his tutor, respecting the acts of the tutorship, is prescribed by four years, to begin from the day of his majority."   But it is urged that, as in the first account rendered, the tutor acknowledges that the note of Collins, when collected, should be accounted for, the receipt executed in 1834, must be considered as given under this condition, and that the debt then became an ordinary transaction between the parties, to which the prescription invoked cannot apply.   In this position we cannot acquiesce. Admitting that the tutor's liability to account for this note continued after the full discharge and acquittance given to him in 1834, when the note itself had become prescribed, yet the nature of his liability remained the same.   It had grown out of the tutorship.   His neglect to collect this debt of his ward, which continued up to the time of her majority, was, in the language of the law, one of the acts of the tutorship respecting which she should have brought her action within four years after she became of age.   In a case decided at our last session in the Eastern District, we had occasion to apply this kind of prescription. The authorities then examined, which are not at present within our reach, fully satisfy us of its entire applicability to this case.*

Judgment affirmed.

*The case referred to is that of *Gourdain* v. *Davenport*, 10 Robinson, 173.